# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STANLEY BUSHNELL** | : | **DOCKET NO. 05-0728** |
| **VS.** | : | **JUDGE MINALDI** |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security benefits. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), the undersigned finds that the Commissioner's decision is not supported by substantial evidence in the record. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

## BACKGROUND

On January 8, 2002, Stanley G. Bushnell filed claims for disability insurance benefits and Supplemental Security Income benefits. (Tr. 83-86, 200-202). He alleged disability since October 1, 2001, due to seizures, head trauma, and dizziness. (Tr. 83, 126). His applications were denied at the initial stage of the administrative process. (Tr. 28, 44-48, 194-199). Bushnell requested and received a November 1, 2002, hearing before an Administrative Law Judge ("ALJ"). (Tr. 214-252). However, by decision dated November 22, 2002, the ALJ found that

Bushnell was not disabled under the Act. (Tr. 206-211). Bushnell appealed the ALJ's adverse decision to the Appeals Council. On May 22, 2003, the Appeals Council granted the request for review, vacated the ALJ's decision, and remanded the case to another ALJ for further proceedings. (Tr. 57-59). Accordingly, on July 22, 2004, a subsequent hearing was held before another ALJ. (Tr. 253-301). However, by decision dated August 26, 2004, the ALJ found that Bushnell was ineligible for disability payments. (Tr. 13-21). Bushnell again sought review before the Appeals Council. Yet, on February 16, 2005, the Appeals Council denied his request for review and the ALJ's decision became the final decision of the Commissioner. (Tr. 5-7).

On April 22, 2005, Bushnell sought review before this court. He alleges the following errors:

(1) the ALJ's finding that alcohol abuse is material to the case is not supported by substantial evidence;

(2) the ALJ's Step Five determination is not supported by substantial evidence;

(3) the ALJ violated the Appeals Council's remand order; and

(4) plaintiff was denied due process of law.

## STANDARD OF REVIEW

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached

by applying the improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the plaintiff had the burden of proof to establish a medically determinable physical or mental impairment that prevented him from engaging in any substantial gainful activity for at least twelve consecutive months. *See*, 42 U.S.C. § 1382c(a)(A). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## **DISCUSSION**

Issue 1:

The ALJ found at Step Two of the sequential evaluation process that plaintiff suffers from severe impairments of status post left temporal lobe hematoma resulting in seizure activity, and an alcohol abuse disorder. (Tr. 15). However, the impairment(s) did not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 14-16, 20).

The ALJ next determined that claimant's combined impairments imposed no exertional limitations upon his residual functional capacity. (Tr. 18). Yet, he found that plaintiff should take workplace precautions to include: never climbing ropes, ladders, or scaffolds, or working

3

around dangerous machinery or other hazards. (Tr. 18).[1] Mentally, Bushnell was limited to simple, routine tasks that do not require reading or writing. Moreover, because of plaintiff's alcohol abuse, the ALJ independently determined that Bushnell would be unable to understand, remember, or carry out simple instructions; he would miss more than four days of work per month; and he would be unable to maintain regular attendance. *Id*. Given the limitations imposed by plaintiff's alcohol abuse, the ALJ concluded that Bushnell could not satisfy the demands of past relevant work or any other work that existed in significant numbers in the national economy. *Id*. At this juncture, Bushnell would ordinarily have been declared disabled and awarded benefits. (*See*, Tr. 18-19).

However under the Social Security Act, an individual will not be considered disabled if alcoholism or drug addiction was a contributing factor material to the Commissioner's determination that the individual is disabled. (*See*, 42 U.S.C. § 1382c(a)(3)(J)). "Drug or alcohol abuse is material to a disability if the ALJ would not 'find [the claimant] disabled if [the claimant] stopped using drugs or alcohol.'" *Brown v. Apfel*, 192 F.3d. 492, 499 (5th Cir. 1999) (quoting, 20 C.F.R. § 416.935(b)(1)).

In the case *sub judice*, the ALJ determined that absent alcohol abuse, Bushnell's residual functional capacity did not preclude him from performing other work that exists in significant numbers in the national and regional economy. (Tr. 18-21). Thus, the ALJ determined that alcohol abuse was a material factor to his determination. (Tr. 20-21). Because drug or alcohol abuse was a contributing factor material to the initial finding of disability, the ALJ found that

---

[1] Although, plaintiff's witness stated that Bushnell had not experienced any seizures in the past couple of years.

Bushnell was ineligible for disability payments. *Id*.

Yet, we emphasize that before considering whether drug and alcohol abuse is a contributing material factor, there must first be a finding of disability. *Oettinger v. Barnhart*, 2002 WL 31422308 (W.D. Tex. 9/4/2002)(*citing*, 20 C.F.R. §§ 416.935(a) and 404.1535(a) Medical evidence must support the drug and alcohol abuse determination.[2] Here, the record contains medical references to a diagnosis of ethyl alcohol withdrawal. (Tr. 179-181). However, the record contains no definitive diagnosis of substance abuse disorder. (*See*, Tr. 184-191)

More troubling is the ALJ's residual functional capacity assessment while considering the effects of plaintiff's alcohol abuse. Much like the limitations the ALJ imposed as a result of plaintiff's apparently dormant seizure condition, there is no supportive evaluation by a medical source (or other compelling record evidence) to support the limitations imposed by the ALJ as a result of plaintiff's undiagnosed alcohol abuse disorder. Accordingly, substantial evidence is lacking to support the ALJ's determination that plaintiff was disabled due to substance abuse disorder. Because such an initial disability determination was a requisite predicate to the ALJ's progression, we necessarily find that the Commissioner's determination that plaintiff was ineligible for benefits due to alcohol abuse is likewise not supported by substantial evidence. Therefore,

It is RECOMMENDED that this matter be REVERSED and REMANDED to the

---

[2] *See* POMS DI 90070.050(C): "Medical evidence of DAA means the evidence: is from an acceptable medical source; and is sufficient and appropriate to establish that the individual has a medically determinable substance abuse disorder."

5

Commissioner for further proceedings consistent with this opinion.[3]

Under the provisions of 28 U.S.C. §636(b)(1)(c), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of June, 2006.

*/s/ Alonzo P. Wilson*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3] We need not address plaintiff's remaining assignments of error. They can be raised, if still relevant, upon remand.